# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (hereinafter, the "Agreement") is entered into by and between Plaintiff Cesar Abreu Marmolejos ("Plaintiff") and Defendants A&G Gates Corp, d/b/a A&G Gates Rolling Door ("A&G Gates") incorrectly named in the complaint as ABC Corp, and Felix Alba ("Mr. Alba") (collectively, the "Defendants") (Plaintiff and Defendants shall hereinafter collectively be referred to as the "Parties").

## RECITALS

**WHEREAS**, Plaintiff filed a civil action entitled *Cesar Abreu Marmolejos, individually and on behalf all other employees similarly situated, v. ABC Corp. d/b/a A&G Gates Rolling Doors and Felix "Alba",* in the United States District Court for the Southern District of New York (the "Court"), Case No. 1:18 Civ. 09942 (the "Action");

**WHEREAS,** Plaintiff claimed, among other things, violations of the Fair Labor Standards, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law § 190 *et seq.* ("NYLL"), and the New York State Wage Theft Prevention Act ("WTPA");

**WHEREAS**, the Parties reached a settlement in order to fully resolve the Action;

**WHEREAS**, the Parties now desire to avoid further litigation and, by this Agreement, intend to resolve all matters raised in the Action as to themselves;

**NOW THEREFORE**, in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions which constitute full settlement of this Action:

1. **Recitals.** The Parties acknowledge that all of the "WHEREAS" clauses preceding paragraphs are incorporated as material parts of this Agreement.

2. **Consideration.** In consideration for the promises that the Plaintiff has made in this Agreement, Defendants shall pay the total gross sum of Nineteen Thousand Dollars and Zero Cents ($19,000.00) which includes attorney fees and costs of Six-Thousand Seven Hundred and Thirty-Two Dollars and Zero Cents ($6,732.00) (the "Settlement Payment"), apportioned as follows:

    (a) Initial Settlememt Payment of Five Thousand Dollars ($5,000.00) payable as follows:

    1. One check payable to "Cesar Abreu Marmolejos" in the gross amount of Three Thousand Two Hundred and Twenty Eight Dollars ($3,228.00) less applicable taxes withholdings and deductions required by law, representing payment for unpaid minimum wages, overtime, tips and any other wages under the FLSA and NYLL and its supporting regulations. Defendants shall issue Plaintiff an IRS Form W-2 in with respect to this payment;

      3. One check payable to "Hang & Associates PLLC" in the gross amount of One Thousand Seven Hundred and Seventy Two Dollars ($1,772.00) not subject to withholdings.

(b) Seven (7) Monthly Settlement Payments of Two Thousand Dollars ($2,000.00) as follows:

1. Payment 1:

   a. One check payable to "Cesar Abreu Marmolejos" in the gross amount of One Thousand Two Hundred and Ninety-One Dollars and Zero Cents ($1,291.00 ) less applicable taxes withholdings and deductions required by law, representing payment for unpaid minimum wages, overtime, tips and any other wages under the FLSA and NYLL and its supporting regulations. Defendants shall issue Plaintiff an IRS Form W-2 in with respect to this payment;

   b. One check payable to "Hang & Associates PLLC" in the gross amount of Seven Hundred and Nine Dollars ($709.00) not subject to withholdings.

2. Payment 2:

   a. One check payable to "Cesar Abreu Marmolejos" in the gross amount of One Thousand Two Hundred and Ninety-One Dollars and Zero Cents ($1,291.00 ) less applicable taxes withholdings and deductions required by law, representing payment for unpaid minimum wages, overtime, tips and any other wages under the FLSA and NYLL and its supporting regulations. Defendants shall issue Plaintiff an IRS Form W-2 in with respect to this payment;

   b. One check payable to "Hang & Associates PLLC" in the gross amount of Seven Hundred and Nine Dollars ($709.00) not subject to withholdings.

3. Payment 3:

   a. One check payable to "Cesar Abreu Marmolejos" in the gross amount of One Thousand Two Hundred and Ninety-One Dollars and Zero Cents ($1,291.00 ) less applicable taxes withholdings and deductions required by law, representing payment for unpaid minimum wages, overtime, tips and any other wages under the FLSA and NYLL and its supporting regulations. Defendants shall issue Plaintiff an IRS Form W-2 in with respect to this payment;

   b. One check payable to "Hang & Associates PLLC" in the gross amount of Seven Hundred and Nine Dollars ($709.00) not subject to withholdings.

4. Payment 4:

    a. One check payable to "Cesar Abreu Marmolejos" in the gross amount of One Thousand Two Hundred and Ninety-One Dollars and Zero Cents ($1,291.00 ) representing payment for alleged liquidated damages and penalties under the FLSA and NYLL and its supporting regulations. Defendants shall issue Plaintiff an IRS Form 1099-Misc. with respect to this payment;

    b. One check payable to "Hang & Associates PLLC" in the gross amount of Seven Hundred and Nine Dollars ($709.00) not subject to withholdings.

5. Payment 5:

    a. One check payable to "Cesar Abreu Marmolejos" in the gross amount of One Thousand Two Hundred and Ninety-One Dollars and Zero Cents ($1,291.00 ) representing payment for alleged liquidated damages and penalties under the FLSA and NYLL and its supporting regulations. Defendants shall issue Plaintiff an IRS Form 1099-Misc. with respect to this payment;

    b. One check payable to "Hang & Associates PLLC" in the gross amount of Seven Hundred and Nine Dollars ($709.00) not subject to withholdings.

6. Payment 6:

    a. One check payable to "Cesar Abreu Marmolejos" in the gross amount of  One Thousand Two Hundred and Ninety-One Dollars and Zero Cents ($1,291.00 ) representing payment for alleged liquidated damages and penalties under the FLSA and NYLL and its supporting regulations. Defendants shall issue Plaintiff an IRS Form 1099-Misc. with respect to this payment;

    b. One check payable to "Hang & Associates PLLC" in the gross amount of Seven Hundred and Nine Dollars ($709.00) not subject to withholdings.

7. Payment 7:

    a. One check payable to "Cesar Abreu Marmolejos" in the gross amount of One Thousand Two Hundred and Ninety Four Dollars ($1,294.00 ) representing payment for alleged liquidated damages and penalties under the FLSA and NYLL and its supporting regulations. Defendants shall issue Plaintiff an IRS Form 1099-Misc. with respect to this payment;

    b. One check payable to "Hang & Associates PLLC" in the gross amount of Seven Hundred and Six Dollars ($706.00) not subject to withholdings.

    (c)    The portion of the Settlement Payment payable to Hang & Associates PLLC represents payment for Plaintiff's attorney's fees, costs and expenses incurred in this matter and is to be treated as 1099 income (for attorneys' fees and costs), not wages, under Internal Revenue Code 104(a)(2).

    (d)    Plaintiff and Hang & Associates PLLC shall provide executed W-4 and W-9 tax forms to Defendants with respect to the Settlement Payment described above upon execution of this Agreement.

3.    **Delivery of Settlement Payment to Plantiff and His Counsel:** As set forth in Paragraph 2, the Initial Payment shall be delivered to Plaintiff's counsel within five (5) days of the Court's approval of the Agreement ("Payment Due Date"). Defendants shall continue making Settlement Payments as set forth in Paragraph 2 on a monthly basis for seven (7) consecutive months. All Settlement Payments shall be delivered to Jian Hang, Esq., Hang & Associates, PLLC, 136-20 38th Avenue, Suite 10G, Flushing, New York 11354 on or before the Payment Due Date.

4.    **Default; Notice to Cure:** In the event that the Settlement Payment is not received within five (5) calendar days of the Payment Due Date set forth in Paragraph 3 of this Agreement, or any check fails to clear (i.e., bounces) on its respective payment date, Plaintiff's counsel shall serve a written notice ("Default Notice") upon counsel for Defendant, by email and certified mail, and the Defendant shall have five (5) business days from the date of receipt of the Default Notice to cure the default by making such payment together with an additional amount of $50.00 to reimburse Plaintiff's counsel for the time and costs of each such bounced check. Upon Defendant's failure to cure a default within ten (10) business days of delivery of the Default Notice, counsel for Plaintiff may immediately file the Affidavit of Confession of Judgment annexed hereto as **Exhibit A**.

5.    **Failure to Pay:** Defendant shall execute a Confession of Judgment in the form of **Exhibit A** attached hereto entitling Plaintiff to recover from Defendant: (i) all outstanding unpaid amount(s) arising under this Agreement; (ii) interest at the rate of 9% per annum under the New York Civil Practice Law and Rules accruing from the date in which their obligations to make the payments is breached; (iii) 200% times any remaining amounts owed; and (iv) reasonable attorneys' fees and costs incurred in any action or proceeding to enforce the payment terms of the Agreement. Defendant shall deliver to Jian Hang, Esq, of Hang & Associates PLLC the executed and notarized original Confessions of Judgment contemporaneously with Defendant's execution of this Agreement.

6.    **Taxes.** Plaintiff is responsible for payment of all taxes and other withholding due as a result of the receipt of the amounts paid directly to them. Plaintiff understands that no representation is made by or on behalf of Defendants regarding tax obligations or consequences that may arise from this Agreement;

    (a)    In the event that any federal, state or local taxing authority or court determines that taxes, interest and/or penalties are due and owing by

4

                Defendants as a result of any non-payment by Plaintiff made hereunder (a "Tax Claim"), said Tax Claim shall be the sole obligation and liability of Plaintiff, who shall hold harmless and indemnify Defendants from any tax-related or other liability.

        (b)    Defendants and/or their attorneys shall give written notice of such Tax Claim by electronic mail, fax and/or overnight mail, to Plaintiff's attorney, Jian Hang, Esq., Hang & Associates, PLLC, 136-20 38th Avenue, Suite 10G, Flushing, New York 11354, jhang@hanglaw.com, fax: (718) 353-6288, within seven (7) business days of notice of such Tax Claim, and Defendants and/or their attorneys shall provide Plaintiff and/or Plaintiff's attorneys a reasonable opportunity to cure such Tax Claim before making a claim for indemnity pursuant to this indemnification provision. Defendants and/or their attorneys shall reasonably cooperate with Plaintiff and/or with his attorneys, to the extent possible, to minimize the costs associated with this indemnity.

7.    **Bona Fide Dispute**: After consultation with their counsel, and in consideration of all the facts and circumstance surrounding his employment with Defendants, Plaintiff agrees this Agreement is a settlement of disputed claims. The Parties agree that there are *bona fide* disputes as to whether Plaintiff could prevail on the merits of his claims, and that the amount being paid to Plaintiff, as set forth in Paragraph 2, is a fair and reasonable resolution to these bona fide disputes. Plaintiff stipulates and agrees that the terms of this Agreement represents a reasonable compromise of *bona fide* disputes regarding his entitlement to statutory wages, including minimum wage compensation, liquidated damages, penalties, and any other relief under the FLSA and NYLL.

8.    **Dismissal of Claims.**  Following the execution of this Agreement by each of the Parties, the Parties' attorneys shall present this Agreement to the Court for review and approval along with the appropriate motion.  Upon receipt of Court's approval of the Agreement and receipt of the Settlement Payment by the Plaintiff, Plaintiff will submit the proposed Stipulation and Order of Dismissal with Prejudice (the "Order"), which is annexed as **Exhibit**     for dismissal of all claims.

9.    **Cooperation.** Counsel for the Parties shall cooperate and take all reasonable necessary steps to arrange for the Court's approval of the Agreement and entry of the Order.

10.    **Full Settlement, Waiver and Release of Defendants by Plaintiff.**  In consideration for Defendants' obligations under this Agreement, and for the promises and releases contained herein, Plaintiff represents and acknowledges that the Settlement Payment set forth in Paragraph 2 above represents fair consideration for his release and other obligations under this Agreement, and Plaintiff specifically acknowledges that other than the Settlement Payment set forth in Paragraph 2 hereof, Plaintiff is not entitled to any additional payment for wages or other compensation from Defendants.

        (a)    Plaintiff knowingly and voluntarily releases and forever discharges Defendants, to the broadest extent permitted by law, from and against any and all claims under the FLSA and NYLL (including the WTPA), whether

>known or unknown, arising up to and including the date of the execution of this Agreement, which may exist against Defendants, including any claims for alleged violations of the FLSA and/or NYLL (including the WTPA), and any claims for costs, fees, or other expenses, including but not limited to a claim for attorneys' fees or costs.  The parties acknowledge and agree that the Settlement Payment covers all claims that were or could have been asserted under the FLSA and/or the NYLL (including the WTPA) by Plaintiff against Defendants.
>
>(b)     Excepted from this release is any claim or right that cannot be waived by law, including claims arising after the date of this Agreement and the right to file a charge with or participate in an investigation conducted by the Equal Employment Opportunity Commission and/or state administrative agency.

11.     **Non-Disparagement.**  Neither Plaintiff nor any Defendant has made nor will make any negative or disparaging statements about or concerning each other.

12.     **Binding Nature of Agreement.**  This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit of each party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

13.     **Attorneys' Fees and Costs.**  Plaintiff acknowledges that the attorneys' fees and costs allocated in this Agreement are fair and reasonable and in accordance with the Retainer Agreements executed by the Plaintiff in this case.

14.     **Representations and Acknowledgements**.  The undersigned hereby expressly state that they have fully consulted with their respective legal counsel, prior to executing this Agreement, and are executing this Agreement, of their own free will, after full consultation with their respective legal counsel.

>(a)     Plaintiff represents that he has not been induced to enter into this Agreement by any statement, fact or representation of any kind or character on the part of Defendants, or on the part of Defendants' agents, attorneys, servants, employees or representatives other than those specifically set forth herein.  Plaintiff specifically acknowledges that the Parties jointly prepared this Agreement and that she is signing this Agreement knowingly and voluntarily.
>
>(b)     Plaintiff represents that, other than the Action, he has not filed, caused to be filed, or presently is a party to any filed claim, complaint, or action against any of the Defendants in any forum.

15.     **No Admission of Wrongdoing.**  This Agreement, and compliance with this Agreement, is not and shall not be deemed to be or construed as an admission by Defendants of any violation of or liability under, any federal, state or local statute, rule, regulation, duty, contract, right, order or principal of common law or equity.  Rather, this Agreement constitutes the good faith settlement and release of disputed claims, and it is acknowledged and agreed by

6

the Parties that this Agreement is being entered into by the Parties solely to avoid the burden, expense, delay and uncertainty of further litigation and to fully and finally resolve, settle and dismiss, with prejudice, any and all claims of any kind whatsoever, whether known or unknown, that Plaintiff has now or has ever had against any of the Defendants arising from his employment.  Defendants expressly deny any wrongdoing of any kind with respect to Plaintiff. Neither Party shall be considered a prevailing party and Pach party shall bear her, his or its own attorneys' fees, costs and expenses.

16. **Governing Law and Jurisdiction.**  This Agreement shall be deemed to be made and entered into in the State of New York, and shall in all respects be interpreted, enforced and governed under the laws of New York. The Parties agree that any litigation to enforce this Agreement shall be brought in the United States District Court for the Southern District of New York.

17. **Notices:**  Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof.  Notice hereunder shall be delivered to:

To Plaintiffs:

Jian Hang, Esq.
Hang & Associates, PLLC
136-20 38th Avenue, Suite 10G
Flushing, NY 11354
Tel:    (718) 353-8588
Email:  jhang@hanglaw.com


To Defendants:

Jason Wolf, Esq.
Rutkin & Wolf PLLC
203 East Post Road
White Plains, NY
Tel: (917) 478-9068
Email: jmw308@aol.com

18. **Interpretation.**  The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Agreement has been negotiated by and between the Parties respective counsel and shall not be construed against the "drafter" of the Agreement.

19. **Modification of Agreement.**  This Agreement may be amended, revoked, changed, or modified only upon a written agreement executed by all Parties.  No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the party against whom such waiver is charged.

20. **Entire Agreement.**  This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings between the Parties hereto pertaining to the subject matter hereof.

21. **Headings.**  The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

22. **Signatures in Counterparts.**  This Agreement can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all Parties had the same signature page.  A facsimile copy, or Adobe PDF, of any party's signature shall be deemed as legally binding as the original signatures.

23. **Effective Date and Revocation.**  This Agreement shall become effective on the day that it is approved by the Court.

**WHEREFORE,** the undersigned subscribe to this Agreement, as it applies to each, as of the date(s) set forth below opposite their respective signatures.

**[SIGNATURE PAGE FOLLOWS]**

Dated: __4/25/19__                                  _Cesar Abreu Marmolejo_
                                                    **CESAR ABREU MARMOLEJOS**

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF __Queens__ )

On the __25th__ day of April, 2019, before me, the undersigned notary public, personally appeared **CESAR ABREU MARMOLEJOS**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

LORENA P. DUARTE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02DU6368787
Qualified In Nassau County
My Commission Expires 12-18-2021

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF _____ )

On the _____ day of April, 2019, before me, the undersigned notary public, personally appeared **FELIX ALBA** personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

Dated: _____           _____
                                                    **FELIX ALBA**

Dated: _____              _____
                                              **CESAR ABREU MARMOLEJOS**

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF _____ )

    On the _____ day of April, 2019, before me, the undersigned notary public, personally appeared **CESAR ABREU MARMOLEJOS**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.


_____
Notary Public


STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF Westchester )

    On the 19th day of April, 2019, before me, the undersigned notary public, personally appeared **FELIX ALBA** personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

Dated: 4/19/19                              _____
                                              **FELIX ALBA**

Alexander Restaino
Notary Public, State of New York
No. 02RE6218905
Qualified in Westchester County
Commission Expires 03/15/2014
4/25/22

9

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF __Westchester__

On the __19th__ day of April, 2019, before me, the undersigned notary public, personally appeared __Felix Alba__ personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

Dated: __4/19/19__

Name: __Felix Alba__

ON BEHALF OF **A&G Gates Corp D/B/A A&G GATES ROLLING DOORS**

Title: __President__

Alexander Restaino
Notary Public, State of New York
No. 02RE6218905
Qualified in Westchester County
Commission Expires 03/16/2014

4/25/22

10

The Court is in receipt of the parties' settlement agreement. The Court has reviewed the proposal in light of *Cheeks* v. *Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), *Lopez* v. *Nights of Cabiria*, 96 F. Supp. 3d 170 (S.D.N.Y. 2015), and *Wolinsky* v. *Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012), and finds that the settlement is fair.

The Court notes that the attorneys' fees were calculated using the percentage method and represent one third of the total settlement amount, excluding $600 in filing fees and costs. While the Court finds those fees to be reasonable, the Court does not make any finding as to the reasonableness of counsel's hourly rate. Accordingly, the settlement is approved, and the Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

Dated:  May 8, 2019
        New York, New York

SO ORDERED.

*[signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE